FILED

FEB 0 5 2008

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

CHRISTINA BALKENBUSH, an individual, )
                                       )
            Plaintiff,          )   NO. 08200536-9
                                       )
vs.                                  )   COMPLAINT FOR DAMAGES
                                       )
ORTHO BIOTECH PRODUCTS, L.P., a )
limited partnership,                  )
                                       )
            Defendant.        )

COMES NOW the Plaintiff, CHRISTINA BALKENBUSH, by and through her attorneys, Michael H. Church, Melody D. Farance, and Jill K. Conrad of the law firm Stamper Rubens, P.S., and for causes of action against the Defendant, alleges as follows:

I.    **PARTIES**

1.1    Plaintiff, CHRISTINA BALKENBUSH, at all times material hereto and at the time of the incidents mentioned herein, was a resident of Spokane County, State of Washington.

1.2    Defendant, ORTHO BIOTECH PRODUCTS, L.P., is a New Jersey limited partnership, with its principal place of business in New Jersey.

1.3    At the time of the incidents alleged herein and at all times relevant hereto, Plaintiff was an employee of ORTHO BIOTECH PRODUCTS, L.P. in Spokane County, Washington.

COMPLAINT FOR DAMAGES: 1

STAMPER RUBENS P.S.
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

## II. JURISDICTION AND VENUE

2.1 All acts and omissions hereinafter alleged occurred in Spokane County, State of Washington and this Court has jurisdiction over this cause.

2.2 All acts hereinafter alleged occurred within the State of Washington, County of Spokane, therefore, venue is proper in the Superior Court in and for the County of Spokane.

## III. FACTUAL ALLEGATIONS

3.1 Plaintiff, CHRISTINA BALKENBUSH, was employed by Defendant ORTHO BIOTECH PRODUCTS, L.P. (hereinafter "ORTHO BIOTECH") as a territory manager in its chronic care sales force.

3.2 Since her initial employment, Plaintiff has applied for and has received promotions and she has consistently received good reviews.

3.3 In February 2007, Plaintiff reported a hostile work environment to Defendant.

3.4 Defendant failed to conduct a proper investigation and allowed senior management personnel to engage in conduct that exacerbated the problem and constituted a hostile work environment in and of itself.

3.5 Following the foregoing acts and/or omissions of Defendant, Plaintiff applied for and was granted short-term disability leave.

3.6 On or about June 8, 2007, Plaintiff began her authorized short-term disability leave, the basis of which was due in-part to the hostile work environment created by Defendant.

3.7 Shortly thereafter, Plaintiff was informed that her entire sales territory had been transferred to a younger male employee with less sales experience and less seniority.

3.8 On November 3, 2007, Plaintiff sent a letter to Defendant in regard to the

COMPLAINT FOR DAMAGES: 2

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

foregoing events and asking for help.

3.9    Defendant failed to respond, and Plaintiff sent another letter dated November 14, 2007, again asking for assistance.

3.10   On November 21, 2007, Defendant sent a letter to Plaintiff informing her that her short term disability leave had been denied.

3.11   Plaintiff asked Defendant to re-evaluate the denial of her claim; however, Defendant then informed Plaintiff that her employment was terminated, effective December 5, 2007.

3.12   Defendant's decision to terminate Plaintiff's employment and other acts and/or omissions were based upon, but are not limited to, discrimination, retaliation and creation of a hostile work environment for Plaintiff by Defendant.

3.13   Upon Plaintiff's termination from the company, Defendant failed to pay Plaintiff wages including her unpaid and accrued vacation pay.

3.14   Plaintiff has suffered physical, emotional and economic damage as a result of Defendant's acts and/or omissions.

3.15   As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of economic and non-economic benefits, including, but not limited to, lost wages, emotional distress, humiliation, and embarrassment.

### IV.   FIRST CAUSE OF ACTION: SEXUAL DISCRIMINATION

4.1    Plaintiff realleges and incorporates by reference all preceding allegations.

COMPLAINT FOR DAMAGES: 3

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

4.2     Plaintiff was demoted and her employment was terminated as a result of actions and decisions related to and/or based on Plaintiff's gender.

4.3     Plaintiff has been wrongfully discriminated against based on her gender.

4.4     Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

## V.   SECOND CAUSE OF ACTION: AGE DISCRIMINATION

5.1     Plaintiff realleges and incorporates by reference all preceding allegations.

5.2     During Plaintiff's employment, she was under a statutorily protected age group.

5.3     Plaintiff was demoted and later replaced by a younger male employee.

5.4     Plaintiff was performing satisfactory work for Defendant at all times relevant hereto.

5.5     Plaintiff has been hindered in her career advancement by Defendant's decision to terminate her employment based on her age and other discriminatory factors.

5.6     Plaintiff has been wrongfully discriminated against based on her age.

5.7     Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

## VI.   THIRD CAUSE OF ACTION: UNLAWFUL RETALIATION

6.1     Plaintiff realleges and incorporates by reference all preceding allegations.

6.2     Plaintiff during her employment, engaged in statutorily protected actions.

6.3     Defendant has taken adverse employment action(s) against Plaintiff.

COMPLAINT FOR DAMAGES: 4

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

6.4   The statutory protected acts were a substantial factor in Defendant's adverse employment decision.

6.5   Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

## VII.   FOURTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT

7.1   Plaintiff realleges and incorporates by reference all preceding allegations.

7.2   The Plaintiff was subjected by the Defendant and/or its employees to language and/or conduct due to her gender, which was not welcomed by the Plaintiff.

7.3   The Plaintiff found such conduct undesirable and offensive and did not solicit such conduct and as a result made the Plaintiff's work environment very uncomfortable and difficult. The Plaintiff reported such conduct to the Defendant.

7.4   The acts engaged in by Defendant created a hostile work environment for Plaintiff.

7.5   Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

## VIII.   FIFTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

8.1   Plaintiff realleges and incorporates by reference all preceding allegations.

8.2   Defendant acted in a negligent manner when harassing and otherwise dealing with Plaintiff.

8.3   Defendant's negligent conduct proximately caused Plaintiff's emotional distress and other harm and damages.

COMPLAINT FOR DAMAGES: 5

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

8.4    Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

### IX.    SIXTH CAUSE OF ACTION: NEGLIGENCE

9.1    Plaintiff realleges and incorporates by reference all preceding allegations.

9.2    Defendant owed a duty of care to Plaintiff to refrain from negligent behavior in the workplace.

9.3    Defendant breached a duty of care to Plaintiff by acting negligently or allowing negligent acts to persist against Plaintiff.

9.4    Defendant proximately caused injuries to Plaintiff as a direct result of the breach of duty of care owed to Plaintiff.

9.5    Plaintiff was free from any negligence.

9.6    Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

### X.    SEVENTH CAUSE OF ACTION: BREACH OF CONTRACT

10.1    Plaintiff realleges and incorporates by reference all preceding allegations.

10.2    Defendant provided Plaintiff with a copy of its policies during the course of her employment, which contained employment policies including, but not limited to, policies regarding harassment, discrimination, and severance.

10.3    Defendant's policy manual and other representations and promises made by Defendant were promises of specific treatment reasonably relied upon by Plaintiff.

10.4    Defendant's conduct toward Plaintiff and other acts and omissions by Defendant

COMPLAINT FOR DAMAGES: 6

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

was and is a breach of the promised treatment and/or implied contract.

10.5   Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

### XI.  EIGHT CASE OF ACTION: PROMISSORY ESTOPPEL

11.1   Plaintiff realleges and incorporates by reference all preceding allegations.

11.2   Defendant made a promise to employ Plaintiff under certain policies including, but not limited to, those regarding harassment, discrimination, and severance.

11.3   Defendant should reasonably have expected that promise to cause Plaintiff to take necessary steps under Defendant's policies to enforce those policies.

11.4   Plaintiff did follow its procedures pursuant to its policies by reporting wrongful conduct to Defendant.

11.5   Injustice can be avoided only if the promise(s) by Defendant are enforced.

11.6   Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial

### XII.  NINTH CAUSE OF ACTION: WRONGFUL WITHHOLDING OF WAGES

12.1   Plaintiff realleges and incorporates by reference all preceding allegations.

12.2   Defendant has failed to pay Plaintiff unpaid and accrued vacation pay, as well as other wage and benefits, to which she was entitled.

12.3   Plaintiff is entitled to twice the amount of wages withheld, in an amount to be determined at trial, including but not limited to monies due pursuant to RCW 49.52.070.

COMPLAINT FOR DAMAGES: 7

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

12.4   Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

### XIII.  TENTH CAUSE OF ACTION: DISCRIMINATION BASED ON DISABILITY

13.1   Plaintiff realleges and incorporates by reference all preceding allegations.

13.2   Plaintiff has been injured and disabled as defined by the state statutes and common law.

13.3   Plaintiff was entitled to accommodation for her disability as allowed by law.

13.4   Defendant has refused to accommodate Plaintiff's disability.

13.5   Plaintiff has been suffering from a disability within the meaning of RCW 49.60.180 and other state and federal statutes. Defendant's refusal to accommodate Plaintiff and other acts and omissions regarding Plaintiff are direct violations of federal and state law.

13.6   Defendant's conduct was willful and wanton and designed to deprive Plaintiff of her rights as guaranteed under RCW 49.60.180 and other federal and state law.

13.7   Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined at trial.

### XIV.  PROXIMATE CAUSE

14.1   Plaintiff realleges and incorporates by reference herein all preceding allegations.

14.2   All of the injuries and damages sustained by the Plaintiff are a direct and proximate result of the Defendant's acts and/or omissions.

### XV.  DAMAGES

15.1   Defendant's discriminatory and other conduct described above has damaged

COMPLAINT FOR DAMAGES: 8

STAMPER RUBENS P.S.
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

Plaintiff, including but not limited to, the following:

a. Lost back pay, wages and benefits in amounts to be established at the time of trial;

b. Lost front pay, future wages and benefits in amounts to be established at the time of trial;

c. Emotional upset, stress and anxiety in an amount to be established at the time of trial;

d. Adverse tax consequences as a result of any damage and any fee award; and

e. Out-of-pocket expenses, litigation costs and attorney fees in amounts to be established at trial.

## XVI. RELIEF REQUESTED

WHEREFORE, Plaintiff requests the Court award her monetary damages against the Defendant as may be determined at trial, including but not limited to:

16.1 Judgment against Defendant for all general damages sustained by Plaintiff resulting from the Defendant's acts and/or omissions as alleged herein;

16.2 Awarding Plaintiff special damages, including but not limited to those available for lost back pay and front pay, lost wages, compensation for any adverse tax consequences, medical expenses and benefits in amounts to be established at trial;

16.3 Awarding Plaintiff double damages as defined by RCW 49.52.070 in an amount to be established at trial;

16.4 Awarding Plaintiff out-of-pocket expenses in an amount to be established at trial;

16.5 Awarding Plaintiff damages for emotional distress and damages for other injuries to be established at trial;

COMPLAINT FOR DAMAGES: 9

STAMPER RUBENS P.S.
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

16.6   Awarding Plaintiff statutory and reasonable attorney's fees and costs incurred in this action pursuant to RCW 49.60 *et seq.*, RCW 49.52 *et seq.*, RCW 49.48 *et seq.*, and RCW 4.84 *et seq.*

16.7   For an award of pre-judgment interest on all out-of-pocket expenses and wages in an amount to be proven at trial;

165.8  For post-judgment interest at the highest rate allowed by law on any judgment entered herein;

16.9   Allowing Plaintiff to amend this Complaint as discovery progresses; and

16.10  Awarding Plaintiff any additional or further relief that the Court finds appropriate, equitable or just.

DATED this 5th day of February 2008.

STAMPER RUBENS, P.S.

By: _____
MICHAEL H. CHURCH
WSBA # 24957
MELODY D. FARANCE
WSBA # 34044
JILL K. CONRAD
WSBA # 39422
Attorneys for Plaintiff

H:\Balkenbush\Pleadings\Complaint.DOC

COMPLAINT FOR DAMAGES: 10

STAMPER RUBENS PS
ATTORNEYS AT LAW
720 WEST BOONE, SUITE 200
SPOKANE, WA 99201
TELEFAX (509) 326-4891
TELEPHONE (509) 326-4800

Page 15